The Employment Law Firm
Cynthia L. Pollick, LLM                                                                                    Attorney for Plaintiff
I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675

___

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE J. KANSKY | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION – LAW |
| -v- | : | |
| | : | JURY TRIAL DEMANDED |
| CITY OF WILKES-BARRE, RICHARD | : | |
| HARDING, Individually and | : | |
| JOSEPH COFFAY, Individually | : | |
| | : | |
| Defendants | : | NO. |

## **COMPLAINT**

NOW comes the Plaintiff, LAWRENCE J. KANSKY, by his attorney, Cynthia L. Pollick, Esquire, and files the following Complaint against Defendants and avers as follows:

1.  Plaintiff, LAWRENCE J. KANSKY, is competent adult individual who resides in Luzerne County, Pennsylvania.

2.  Defendant, CITY OF WILKES-BARRE, is a governmental entity with a principal office at 40 East Market Street, Wilkes-Barre, PA 18711.

3.  Defendant, Police Officer RICHARD HARDING, works for the CITY OF WILKES-BARRE and was a servant, agent, and employee of the CITY OF

WILKES-BARRE, and was acting under color of state law when he engaged in official policy, custom, and practice to deprive LAWRENCE J. KANSKY of his constitutional and state rights. At the time of the events, Officer RICHARD HARDING worked out of CITY OF WILKES-BARRE at 15 N. Washington Street, Wilkes-Barre, PA 18701.

4. Defendant, Police Chief JOSEPH COFFAY, works for the CITY OF WILKES-BARRE and was a servant, agent, and employee of the CITY OF WILKES-BARRE, and was acting under color of state law when he engaged in official policy, custom, and practice to deprive LAWRENCE J. KANSKY of his constitutional and state rights. At the time of the events, Officer RICHARD HARDING worked out of CITY OF WILKES-BARRE at 15 N. Washington Street, Wilkes-Barre, PA 18701.

5. At all times in question, Defendant Police Officer RICHARD HARDING and Police Chief JOSEPH COFFAY were acting under color of state law when they engaged in official policy, custom, and decisions to deprive Plaintiff's constitutional and state rights.

6. Defendant, CITY OF WILKES-BARRE, failed to train its officials on how to properly assess probable cause, not to retaliate against a citizen who engaged in free speech, and not intimidate a citizen after successfully defending a criminal action.

7. Defendant, CITY OF WILKES-BARRE, acquiesced in all actions taken by its public officials and personnel.

**JURSIDICTION**

8. This suit is brought and jurisdiction lies based on a federal question. 28 U.S.C. § 1331. The injuries sustained are pursuant to 42 U.S.C. § 1983 for constitutional violations of LAWRENCE J KANSKY's pursuant to the First, Fourth and Fourteenth Amendments. Plaintiff also asserts state claims for which there is supplemental jurisdiction. 28 USCS § 1367.

**FACTS**

9. Plaintiff, LAWRENCE J. KANSKY, is a citizen who possessed a License to Carry a Firearm Permit No. 34728 issued by Luzerne County Sheriff's Department.

10. On or about May 21, 2019, Plaintiff called 911 several times regarding the need for assistance related to an injured raccoon that was located near 72 W. North Street, Wilkes-Barre, Pennsylvania, starting at 5:37 am and continued to do so during the next 8 hours with absolutely no response from law enforcement.

11. On or about May 21, 2019, after waiting 8 hours for assistance from law enforcement, Plaintiff used his legally issued firearm to shoot a

raccoon, which was suffering, injured, possibly had rabies or other diseases, which was a potential danger to the public.

12. On or about June 3, 2019, Defendant Police Officer RICHARD HARDING charged Plaintiff with two (2) counts of recklessly engaging another person, disorderly conduct and unlawful acts concerning taking of furbearers.

13. On or about June 26, 2019, Plaintiff spoke out to a local media outlets, including the Citizen's Voice newspaper, related to the charges that were filed against him. https://www.citizensvoice.com/news/lawyer-charged-for-raccoon-mercy-killing-1.2501354

14. Specifically, Plaintiff stated that "when a wild animal is wounded, they are very dangerous animal" and admitted that he shot the injured and dying raccoon. Additionally, Plaintiff stated publicly as a citizen that "I shot it to put it out of its misery and to protect the public".

15. On or about September 12, 2019, the charges against Plaintiff were dismissed. https://www.citizensvoice.com/news/raccoon-shooting-case-dismissed-against-attorney-1.2532151

16. On or about December 15, 2019, Plaintiff received the esteemed Animal Rights Award from Tracy's Hope Hospice and Animal Rescue for his brave actions for trying to put a suffering animal out of its misery and for protecting the community from wild, dangerous animal.

17. On or about December 31, 2019, at 11:45 am, Defendant Police Officer RICHARD HARDING pulled behind Plaintiff in a no parking zone and yelled and screamed at Plaintiff that he was looking for him.

18. Additionally, Defendant Police Officer RICHARD HARDING told Plaintiff that he was a liar, no hero, and got lucky in full uniform with a gun in his possession.

19. Plaintiff attempted to get away from Defendant Police Officer RICHARD HARDING to no avail since he was frightened of him and had no firearm in his possession but Defendant Police Officer RICHARD HARDING continued to come after Plaintiff.

20. Plaintiff reported the harassing, intimidating and threatening actions of Defendant Police Officer RICHARD HARDING to 911.

## COUNT I
### FIRST AMENDMENT RETALIATION
### PLAINTIFF V. DEFENDANTS

21. Paragraphs 1-20 above are incorporated herein by reference as if fully set forth herein at length.

22. On or about May 21, 2019, Plaintiff, as a citizen, called 911 several times seeking the assistance of law enforcement in the handling of an injured raccoon.

23. Plaintiff, as a citizen, has the right to speak out and seek police assistance.

24. Defendants were aware of Plaintiff's protected activities and retaliated against him by causing him mental anxiety, stress and sleeplessness, and a continued campaign of harassment for having exercised his constitutional right to bear arms and exercise free speech.

25. "A First Amendment retaliation claim will lie for any individual act which meets this 'deterrence threshold,' and that threshold is very low." *O'Connor v. City of Newark*, 440 F.3d 125, 128 (3d Cir. 2006). "Any action that is likely to deter the exercise of free speech is . . . actionable." *Spiegla v. Hull*, 371 F.3d 928, 941 (7th Cir.2004).

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983, including but not limited to compensatory damages, emotional distress, and punitive damages against Individual Defendants only, attorney fees and costs, pre- and post- interest, delay damages and any other relief that a jury finds fit.

## COUNT II
## MALICIOUS PROSECUTION
## VIOLATION OF FOURTH AMENDMENT AND STATE LAW
## PLAINTIFF V. DEFENDANTS

26. Plaintiff, LAWRENCE J KANSKY, hereby incorporates by reference paragraphs one (1) through twenty-five (25) above as if set forth herein at length.

27. Defendant Officer RICHARD HARDING initiated a criminal proceeding against Plaintiff.

28. That criminal proceeding ended in Plaintiff's favor.

29. Defendant Police Officer RICHARD HARDING initiated that proceeding without probable cause.

30. Defendant Police Officer RICHARD HARDING intentionally omitted material truthful facts that would have resulted in Plaintiff not being charged for crimes he did not commit.

31. Defendant Police Officer RICHARD HARDING acted with reckless disregard in failing to disclose facts that would have exonerated Plaintiff.

32. Defendant Police Officer RICHARD HARDING acted maliciously and for a purpose other than bringing the Plaintiff to justice.

33. Plaintiff was criminally charged due to the actions of Defendant Police Officer RICHARD HARDING, and thereby suffered a deprivation of his

liberty interests, which could have resulted in four (4) years in prison and the loss of his law license.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983 law, including but not limited to the following, all equitable remedies allowable at law, out of pocket expenses related to having to defend frivolous criminal charges, compensatory damages, emotional distress, punitive damages against individuals only, injunction against future acts, attorney fees and costs, pre- and post- interest, and delay damages.

**COUNT III**
**STIGMA-PLUS**
**VIOLATION OF DUE PROCESS**
**PLAINTIFF V. DEFENDANTS**

34. Plaintiff, LAWRENCE J KANSKY, hereby incorporates by reference paragraphs one (1) through thirty-three (33) above as if set forth herein at length.

35. Defendants made public stigmatizing statements to the local television and newspaper outlets about Plaintiff based on an unlawful criminal charges being lodged against him.

36. Defendant Police Chief JOSEPH COFFAY stated to the press "[t]he man fired a weapon in public without regard for the safety of anyone that was around, which caused two victims to call 911 because they were alarmed."

https://www.citizensvoice.com/news/hearing-set-in-raccoon-mercy-killing-1.2504033

37. Defendants comments damaged Plaintiff's reputation and the false statements were made in connection with unlawful criminal charges.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983 law, including but not limited to the following, all equitable remedies allowable at law, out of pocket expenses, compensatory damages, emotional distress, punitive damages, injunction against future acts, attorney fees and costs, pre- and post- interest, and delay damages.

**COUNT IV**
**FALSE LIGHT & DEFAMATION**
**PLAINTIFF V. DEFENDANT HARDING AND COFFAY**

38. Plaintiff, LAWRENCE J KANSKY, hereby incorporates by reference paragraphs one (1) through thirty-eight (38) above as if set forth herein at length.

39. Defendants publicly accused Plaintiff of committing crimes he did not commit.

40. Defendants reported the unlawful charges to local television and news outlets.

41. Defendants' statements that Plaintiff have committed a crime lowered his standing in the community and Plaintiff has been forced to self-

publish the defamatory statements to others. *Stine v. Walter*, 29 Pa. D. & C4th 193 (C.C.P. York 1996).

42. Defendants knew that the statements and accusations that Plaintiffs had committed crimes were false, misleading, defamatory, libelous, unprivileged, and without legal excuse.

43. The aforementioned statements exposed Plaintiff to hatred and contempt by imputing he was guilty of committing a crime.

44. The aforementioned statements injured Plaintiff's good name and reputation.

45. The aforementioned statements were published by Defendants and its agents with the expressed and implied malice, and with the design and intent to injure Plaintiff and his good name and reputation, and by reason thereof, Plaintiff is entitled to actual damages.

46. As a direct result of the publication of Defendants and their statements, Plaintiff suffered humiliation and emotional anguish and has been confronted by other individuals concerning the allegations set forth above. Plaintiff has been required to explain away the allegations set forth in this matter, and in fact, the allegations set forth above unequivocally state that Plaintiff was guilty of crimes.

47. As a result of the aforementioned, Plaintiff has sustained emotional and mental anguish, embarrassment, and loss of his good reputation in the community.

48. Defendants knew that said accusations and statements were untrue, and Defendants made such accusations maliciously with the intent to harm Plaintiff, and with reckless disregard for the consequences of making the aforementioned false accusations and statements.

**WHEREFORE**, Plaintiff demands judgment against Defendants and all remedies available, including but not limited a public apology, compensatory damages, emotional distress, punitive damages, pre- and post- interest, delay damages, and any damage the Court sees fit in law or equity.

## COUNT V
## FIRST AMENDMENT RETALIATION
## PLAINTIFF V. DEFENDANTS

49. Paragraphs 1-49 above are incorporated herein by reference as if fully set forth herein at length.

50. On or about July 2, 2019, a preliminary hearing was held, in which Plaintiff successfully defended against the criminal charges filed against him by Defendant Police Officer RICHARD HARDING.

51. "Where, as here, the issue is not witness intimidation but retaliation, the second prong must be interpreted to bar any conspiracy to retaliate against a witness who has attended court or testified in any pending matter, which results in injury to him or her." *Shehee v. City of Wilmington*, 67 Fed. Appx. 692, 697 (3d Cir. 2003). The Third Circuit in *Shehee* noted, "… he [plaintiff] contends that a reasonable jury could find that the harassment intensified after his deposition and intensified as a result of that deposition, in violation of § 1983. We agree with respect to Williams, but not with respect to McCrea." *Id.*

52. On or about December 31, 2019, at 11:45 am, Defendant Police Officer RICHARD HARDING pulled behind Plaintiff in a no parking zone and yelled and screamed at Plaintiff that he was looking for him.

53. Additionally, Defendant Police Officer RICHARD HARDING yelled and screamed that Plaintiff was a liar, no hero, and got lucky in full uniform with a gun in his possession.

54. At the time Defendant Police Officer RICHARD HARDING yelled and screamed at Plaintiff, he was legally parked and was getting out of his car.

55. Plaintiff attempted to get away from Defendant Police Officer RICHARD HARDING to no avail since he was frightened of him and had no firearm in his possession but Defendant Police Officer RICHARD HARDING continued to come after Plaintiff.

56. Plaintiff reported the harassing, intimidating and threatening actions of Defendant Police Officer RICHARD HARDING to 911.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983, including but not limited to compensatory damages, emotional distress, and punitive damages against Individual Defendants only, attorney fees and costs, pre- and post- interest, delay damages and any other relief that a jury finds fit.

A jury trial is demanded on all counts.

By: <u>/s/ Cynthia L. Pollick</u>  
Cynthia L. Pollick, Esquire  
Pa. I.D. No.: 83826  
363 Laurel Street  
Pittston, PA 18640  
(570) 654-9675  
pollick@lawyer.com