The Employment Law Firm
Cynthia L. Pollick, LLM                                                                                   Attorney for Plaintiff
I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675

_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE J. KANSKY | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION – LAW |
| -v- | : | |
| | : | JURY TRIAL DEMANDED |
| CITY OF WILKES-BARRE, RICHARD | : | |
| HARDING, Individually and | : | |
| JOSEPH COFFAY, Individually | : | |
| | : | |
| Defendants | : | NO. 20-43 |

## SECOND AMENDED COMPLAINT

NOW comes the Plaintiff, LAWRENCE J. KANSKY, by his attorney, Cynthia L. Pollick, Esquire, and files the following Second Amended Complaint against Defendants and avers as follows:

1. Plaintiff, LAWRENCE J. KANSKY, is competent adult individual who resides in Luzerne County, Pennsylvania.

2. Defendant, CITY OF WILKES-BARRE, is a governmental entity with a principal office at 40 East Market Street, Wilkes-Barre, PA 18711.

3. Defendant, Police Officer RICHARD HARDING, works for the CITY OF WILKES-BARRE and was a servant, agent, and employee of the CITY OF

WILKES-BARRE, and was acting under color of state law when he engaged in official policy, custom, and practice to deprive LAWRENCE J. KANSKY of his constitutional and state rights. At the time of the events, Officer RICHARD HARDING worked out of CITY OF WILKES-BARRE at 15 N. Washington Street, Wilkes-Barre, PA 18701.

4. Defendant, Police Chief JOSEPH COFFAY, works for the CITY OF WILKES-BARRE and was a servant, agent, and employee of the CITY OF WILKES-BARRE, and was acting under color of state law when he engaged in official policy, custom, and practice to deprive LAWRENCE J. KANSKY of his constitutional and state rights. At the time of the events, Police Chief JOSEPH COFFAY worked out of CITY OF WILKES-BARRE at 15 N. Washington Street, Wilkes-Barre, PA 18701.

5. At all times in question, Defendant Police Officer RICHARD HARDING and Police Chief JOSEPH COFFAY were acting under color of state law when they engaged in official policy, custom, and decisions to deprive Plaintiff's constitutional and state rights.

6. Defendant, CITY OF WILKES-BARRE, failed to train its officials on how to properly assess probable cause, not to retaliate against a citizen who engaged in free speech, and not intimidate a citizen after successfully defending a criminal action.

7. Defendant, CITY OF WILKES-BARRE, acquiesced in all actions taken by its public officials and personnel.

## JURSIDICTION

8. This suit is brought and jurisdiction lies based on a federal question. 28 U.S.C. § 1331. The injuries sustained are pursuant to 42 U.S.C. § 1983 for constitutional violations of LAWRENCE J KANSKY's pursuant to the First, Fourth and Fourteenth Amendments. Plaintiff also asserts state claims for which there is supplemental jurisdiction. 28 USCS § 1367.

## FACTS

9. Plaintiff, LAWRENCE J. KANSKY, is a citizen who possessed a License to Carry a Firearm Permit No. 34728 issued by Luzerne County Sheriff's Department.

10. On or about May 21, 2019, Plaintiff called 911 several times regarding the need for assistance related to an injured raccoon that was located near 72 W. North Street, Wilkes-Barre, Pennsylvania, starting at 5:37 am and continued to do so during the next 8 hours with absolutely no response from law enforcement.

11. On or about May 21, 2019, after waiting 8 hours for assistance from law enforcement, Plaintiff used his legally issued firearm to shoot at the

raccoon, which was suffering, injured, possibly had rabies or other diseases, which was a potential danger to the public.

12. On or about June 3, 2019, Defendant Police Officer RICHARD HARDING charged Plaintiff with two (2) counts of recklessly engaging another person, disorderly conduct and unlawful acts concerning taking of furbearers.

13. On or about June 26, 2019, Plaintiff spoke out to a local media outlets, including the Citizen's Voice newspaper, related to the charges that were filed against him. https://www.citizensvoice.com/news/lawyer-charged-for-raccoon-mercy-killing-1.2501354

14. Specifically, Plaintiff stated that "when a wild animal is wounded, they are very dangerous animal" and admitted that he shot at the injured and dying raccoon.

15. On or about September 12, 2019, the charges against Plaintiff were dismissed. https://www.citizensvoice.com/news/raccoon-shooting-case-dismissed-against-attorney-1.2532151

16. On or about December 15, 2019, Plaintiff received the esteemed Animal Rights Award from Tracy's Hope Hospice and Animal Rescue for his brave actions for trying to put a suffering animal out of its misery and for protecting the community from wild, dangerous animal.

17. On or about December 31, 2019, at 11:45 am, Defendant Police Officer RICHARD HARDING pulled behind Plaintiff in a no parking zone and yelled and screamed at Plaintiff that he was looking for him.

18. Additionally, Defendant Police Officer RICHARD HARDING told Plaintiff that he was a liar, no hero, and got lucky in full uniform with a gun in his possession.

19. Plaintiff attempted to get away from Defendant Police Officer RICHARD HARDING to no avail since he was frightened of him and had no firearm in his possession but Defendant Police Officer RICHARD HARDING continued to come after Plaintiff.

20. Plaintiff reported the harassing, intimidating and threatening actions of Defendant Police Officer RICHARD HARDING to 911.

## COUNT I
**FIRST AMENDMENT RETALIATION**
**PLAINTIFF V. DEFENDANTS**

21. Paragraphs 1-20 above are incorporated herein by reference as if fully set forth herein at length.

22. On or about May 21, 2019, Plaintiff, as a citizen, called 911 several times seeking the assistance of law enforcement in the handling of an injured raccoon.

23. Plaintiff, as a citizen, has the right to speak out and seek police assistance.

24. Defendants were aware of Plaintiff's protected activities and retaliated against him by causing him mental anxiety, stress and sleeplessness, and a continued campaign of harassment for having exercised his constitutional right to bear arms and exercise free speech.

25. On or about May 21, 2019, Defendant Harding took photographs of the area in question on the day it occurred.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983, including but not limited to compensatory damages, emotional distress, and punitive damages against Individual Defendants only, attorney fees and costs, pre- and post- interest, delay damages and any other relief that a jury finds fit.

## COUNT II
## MALICIOUS PROSECUTION
## VIOLATION OF FOURTH AMENDMENT AND STATE LAW
## PLAINTIFF V. DEFENDANTS

26. Plaintiff, LAWRENCE J KANSKY, hereby incorporates by reference paragraphs one (1) through twenty-five (25) above as if set forth herein at length.

27. Defendant Officer RICHARD HARDING initiated a criminal proceeding against Plaintiff.

28. Defendant Police Chief JOSEPH COFFAY approved the charges filed by Officer HARDING when he publicly supported the filing of the criminal charges and stated that "... officer Richard Harding had probable cause to file the charges". https://www.citizensvoice.com/news/hearing-set-in-raccoon-mercy-killing-1.2504033

29. On or about July 2, 2019, Defendant Harding dropped charges against Plaintiff related to the unlawful act concerning a furbearer, which proves he did not have grounds for such criminal charges, especially since there was no plea agreement in place.

30. That criminal proceeding in its entirety ended in Plaintiff's favor.

31. Defendant Police Officer RICHARD HARDING initiated that criminal proceeding without probable cause.

32. Defendant Police Officer RICHARD HARDING intentionally omitted material truthful facts that would have resulted in Plaintiff not being charged for crimes he did not commit.

33. Nothing in the affidavit of probable cause notes any evidence that any person was in danger of bodily injury that created substantial risk of death or serious, permanent disfigurement or protracted loss of any bodily organ.

34. In fact, Defendant Police Officer RICHARD HARDING should have noted in the affidavit of probable cause that no one was injured or believed that they would be injured.

35. Defendant Police Officer RICHARD HARDING's affidavit specifically states that Plaintiff, "… aimed his gun at the raccoon but at the last second he moved it (the gun) <u>so he wouldn't shoot it</u>." (Exhibit "A", pg. 4)(emphasis added).

36. Defendant Police Officer RICHARD HARDING acted with reckless disregard in failing to disclose facts that would have exonerated Plaintiff.

37. Defendant Police Officer RICHARD HARDING acted maliciously and for a purpose other than bringing the Plaintiff to justice.

38. Plaintiff was criminally charged due to the actions of Defendant Police Officer RICHARD HARDING, and thereby suffered a deprivation of his

liberty interests, which could have resulted in four (4) years in prison and the loss of his law license.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983 law, including but not limited to the following, all equitable remedies allowable at law, out of pocket expenses related to having to defend frivolous criminal charges, compensatory damages, emotional distress, punitive damages against individuals only, injunction against future acts, attorney fees and costs, pre- and post- interest, and delay damages.

### COUNT III
### STIGMA-PLUS
### VIOLATION OF DUE PROCESS
### PLAINTIFF V. DEFENDANTS

39. Plaintiff, LAWRENCE J KANSKY, hereby incorporates by reference paragraphs one (1) through thirty-eight (38) above as if set forth herein at length.

40. Defendants made public stigmatizing statements to the local television and newspaper outlets about Plaintiff based on an unlawful criminal charges being lodged against him.

41. Defendant Police Chief JOSEPH COFFAY stated to the press "[t]he man fired a weapon in public without regard for the safety of anyone that was around, which caused two victims to call 911 because they were alarmed."

https://www.citizensvoice.com/news/hearing-set-in-raccoon-mercy-killing-1.2504033

42. Defendant Police Officer RICHARD HARDING dropped charges related to the unlawful concerning a furbearer, which proves he did not have grounds to charge the same and by publicly announcing that criminal charge against Plaintiff along with the other criminal charges, Plaintiff was stigmatized and made to look poorly in the eyes of the community in which he seeks to represent citizens as a lawyer.

43. Defendants comments damaged Plaintiff's reputation and the false statements were made in connection with unlawful criminal charges.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983 law, including but not limited to the following, all equitable remedies allowable at law, out of pocket expenses, compensatory damages, emotional distress, punitive damages, injunction against future acts, attorney fees and costs, pre- and post- interest, and delay damages.

## COUNT IV
## FALSE LIGHT & DEFAMATION
## PLAINTIFF V. DEFENDANT HARDING AND COFFAY

44. Plaintiff, LAWRENCE J KANSKY, hereby incorporates by reference paragraphs one (1) through forty-three (43) above as if set forth herein at length.

45. Defendants publicly accused Plaintiff of committing crimes he did not commit.

46. Defendants reported the unlawful charges to local television and news outlets.

47. Defendants knew that the statements and accusations that Plaintiffs had committed crimes were false, misleading, defamatory, libelous, unprivileged, and without legal excuse.

48. The aforementioned statements exposed Plaintiff to hatred and contempt by imputing he was guilty of committing a crime.

49. The aforementioned statements injured Plaintiff's good name and reputation.

50. The aforementioned statements were published by Defendants and its agents with the expressed and implied malice, and with the design and intent to injure Plaintiff and his good name and reputation, and by reason thereof, Plaintiff is entitled to actual damages.

51. As a direct result of the publication of Defendants and their statements, Plaintiff suffered humiliation and emotional anguish and has been confronted by other individuals concerning the allegations set forth above. Plaintiff has been required to explain away the allegations set forth in this matter, and in fact, the allegations set forth above unequivocally state that Plaintiff was guilty of crimes.

52. As a result of the aforementioned, Plaintiff has sustained emotional and mental anguish, embarrassment, and loss of his good reputation in the community.

53. Defendants knew that said accusations and statements were untrue, and Defendants made such accusations maliciously with the intent to harm Plaintiff, and with reckless disregard for the consequences of making the aforementioned false accusations and statements.

**WHEREFORE**, Plaintiff demands judgment against Defendants and all remedies available, including but not limited a public apology, compensatory damages, emotional distress, punitive damages, pre- and post- interest, delay damages, and any damage the Court sees fit in law or equity.

## COUNT V
## FIRST AMENDMENT RETALIATION/HARASSMENT
## PLAINTIFF V. DEFENDANTS

54. Paragraphs 1-53 above are incorporated herein by reference as if fully set forth herein at length.

55. On or about September 12, 2019, a preliminary hearing was held, in which Plaintiff successfully defended against the criminal charges filed against him by Defendant Police Officer RICHARD HARDING.

56. On or about December 31, 2019, at 11:45 am, Defendant Police Officer RICHARD HARDING pulled behind Plaintiff in a no parking zone and yelled and screamed at Plaintiff that he was looking for him.

57. Additionally, Defendant Police Officer RICHARD HARDING yelled and screamed that Plaintiff was a liar, no hero, and got lucky in full uniform with a gun in his possession.

58. At the time Defendant Police Officer RICHARD HARDING yelled and screamed at Plaintiff, he was legally parked and was getting out of his car.

59. Plaintiff attempted to get away from Defendant Police Officer RICHARD HARDING to no avail since he was frightened of him and had no firearm in his possession but Defendant Police Officer RICHARD HARDING continued to come after Plaintiff.

60. Plaintiff reported the harassing, intimidating and threatening actions of Defendant Police Officer RICHARD HARDING to 911.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983, including but not limited to compensatory damages, emotional distress, and punitive damages against Individual Defendants only, attorney fees and costs, pre- and post- interest, delay damages and any other relief that a jury finds fit.

A jury trial is demanded on all counts.

By: /s/ Cynthia L. Pollick
Cynthia L. Pollick, Esquire
Pa. I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675
pollick@lawyer.com

**CERTIFICATE OF SERVICE**

Cynthia L Pollick, Esquire, hereby certifies that on March 25, 2020, she served a copy of Plaintiff's Second Amended Complaint on Defendants by serving a copy via ECF on Defendants:

> John Dean, Esquire
> Mark Bufalino, Esquire
> Elliott Greenleaf & Dean
> 15 Public Square, Suite 310
> Wilkes-Barre PA 18701

s/ Cynthia L. Pollick
Cynthia L Pollick, Esquire

# POLICE CRIMINAL COMPLAINT
## COMMONWEALTH OF PENNSYLVANIA VS.

**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF: LUZERNE**

Magisterial District Number: DISTRICT COURT 11-1-02
MDJ: Hon. MALLOY, THOMAS
Address: 100 HAZLE ST, 2ND FLOOR
WILKES-BARRE, PA 18702
Telephone: (570) 825-8488

RECEIVED

**DEFENDANT:** (NAME and ADDRESS):
First Name: LAWRENCE
Middle Name: JOSE
Last Name: KANSKY JR.

114 TIMBERWOOD DR
MOUNTAIN TOP, PA 18707

NCIC Extradition Code Type:
- [ ] 1-Felony Full
- [ ] 2-Felony Ltd.
- [ ] 3-Felony Surrounding States
- [ ] 4-Felony No Ext.
- [ ] 5-Felony Pend.
- [ ] A-Misdemeanor Full
- [x] B-Misdemeanor Limited
- [ ] C-Misdemeanor Surrounding States
- [ ] D-Misdemeanor No Extradition
- [ ] E-Misdemeanor Pending
- [ ] Distance: _____

### DEFENDANT IDENTIFICATION INFORMATION

Docket Number: CR-436-19
Date Filed: 06/03/2019
OTN/LiveScan Number: U-715187-4
Complaint/Incident Number: 190105355
SID:
Request Lab Services? [ ] YES [x] NO

GENDER: [x] Male [ ] Female
DOB: 06/14/1957
POB:
AKA:
Add'l DOB: / /
Co-Defendant(s) [ ]

RACE: [x] White
ETHNICITY: [ ] Hispanic [x] Non-Hispanic
[ ] Asian [ ] Black [ ] Native American [ ] Unknown

HAIR COLOR:
- [ ] GRY (Gray)
- [ ] RED (Red/Aubn.)
- [ ] SDY (Sandy)
- [ ] BLU (Blue)
- [ ] PLE (Purple)
- [ ] Unknown
- [ ] BLK (Black)
- [ ] ONG (Orange)
- [ ] WHI (White)
- [ ] XXX (Unk./Bald)
- [ ] GRN (Green)
- [x] BRO (Brown)
- [ ] BLN (Blonde/Strawberry)
- [ ] PNK (Pink)

EYE COLOR:
- [ ] BLK (Black)
- [ ] BLU (Blue)
- [ ] BRO (Brown)
- [ ] GRN (Green)
- [ ] GRY (Gray)
- [x] HAZ (Hazel)
- [ ] MAR (Maroon)
- [ ] PNK (Pink)
- [ ] MUL (Multicolored)
- [ ] XXX (Unknown)

Driver License State:
License Number:
Expires: / /

DNA: [ ] YES [x] NO
DNA Location:

FBI Number: 42514TC1
MNU Number:
WEIGHT (lbs.): 170

Defendant Fingerprinted: [ ] YES [x] NO
Fingerprint Classification:
HEIGHT: Ft. 6 In. 2

### DEFENDANT VEHICLE INFORMATION
Plate #, State, Hazmat, Registration Sticker (MM/YY), Comm'l Veh. Ind., School Veh., Oth. NCIC Veh. Code, Reg. same as Def.
VIN, Year, Make, Model, Style, Color

Office of the attorney for the Commonwealth [ ] Approved [ ] Disapproved because:
(The attorney for the Commonwealth may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth prior to filing. See Pa.R.Crim.P. 507).

(Name of the attorney for the Commonwealth)
(Signature of the attorney for the Commonwealth)
(Date)

I, **PO RICHARD HARDING**
(Name of the Affiant)
562
(PSP/MPOETC-Assigned Affiant ID Number & Badge #)

of **WILKES-BARRE POLICE DEPARTMENT**
(Identify Department or Agency Represented and Political Subdivision)
PA0401300
(Police Agency ORI Number)

do hereby state: (check appropriate box)
1. [x] I accuse the above named defendant who lives at the address set forth above
   [ ] I accuse the defendant whose name is unknown to me but who is described as _____
   [ ] I accuse the defendant whose name and popular designation or nickname are unknown to me and whom I have therefore designated as John Doe or Jane Doe

with violating the penal laws of the Commonwealth of Pennsylvania at [304]
(Subdivision Code)
W NORTH ST @ DARLING ST, WILKES BARRE, PA
(Place-Political Subdivision)

in LUZERNE County [40]
(County Code)
on or about MAY 21, 2019 @ 1349 HOURS

AOPC 412A – Rev. 07/10
WBPD-AR-1547-19
Page 1 of 3

EXHIBIT "A"

| Docket Number: | Date Filed: 06/03/2019 | OTN/LiveScan Number | | POLICE CRIMINAL COMPLAINT |
|---|---|---|---|---|
| Defendant Name | First: LAWRENCE | Middle: JOSE | Last: KANSKY JR. | Complaint/Incident Number 190105355 |

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically. (Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

**Inchoate Offense:** ☐ Attempt 18 901 A  ☐ Solicitation 18 902 A  ☐ Conspiracy 18 903

| Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|---|
| ☒ | 1 | 2705 | | of the | 18 | 2 | M2 | | |

Number of Victims Age 60 or Older ____

PennDOT Data (if applicable) — Accident Number

☐ Interstate  ☐ Safety Zone  ☐ Work Zone

**Statute Description** (include the name of statute or ordinance): RECKLESSLY ENDANGERING ANOTHER PERSON

**Acts of the accused associated with this Offense:**
recklessly endangering another person: A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

**Inchoate Offense:** ☐ Attempt 18 901 A  ☐ Solicitation 18 902 A  ☐ Conspiracy 18 903

| Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | 2 | 5503 | a4 | of the | 18 | 1 | M3 | | |

Number of Victims Age 60 or Older ____

☐ Interstate  ☐ Safety Zone  ☐ Work Zone

**Statute Description** (include the name of statute or ordinance): DISORDERLY CONDUCT-HAZARDOUS/PHY OFFENSIVE CONDUCT

**Acts of the accused associated with this Offense:**
Disorderly conduct. Offense defined.—A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

**Inchoate Offense:** ☐ Attempt 18 901 A  ☐ Solicitation 18 902 A  ☐ Conspiracy 18 903

| Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | 3 | 2361 | a | of the | 34 | 1 | S | | |

Number of Victims Age 60 or Older ____

☐ Interstate  ☐ Safety Zone  ☐ Work Zone

**Statute Description** (include the name of statute or ordinance): UNLAWFUL ACTS CONCERNING TAKING OF FURBEARERS.

**Acts of the accused associated with this Offense:**
(a) General prohibitions.—Except as otherwise provided in this title, it is unlawful for any person to: (1) Take, kill, wound, capture or have in possession, or attempt, aid, abet, assist or conspire to take, kill, wound or capture, any furbearers except during the open furtaking season and in such numbers or by such methods as fixed by the commission or this title.

OPC 412A – Rev. 07/18

Page 2 of 3

EXHIBIT "A"

| Docket Number: | Date Filed: 06/03/2019 | OTN/LiveScan Number | | **POLICE CRIMINAL COMPLAINT** |
|---|---|---|---|---|
| Defendant Name | First: LAWRENCE | Middle: JOSE | Last: KANSKY JR. | Complaint/Incident Number 190105355 |

2. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made.

3. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa.C.S. § 4904) relating to unsworn falsification to authorities.

4. This complaint consists of the preceding page(s) numbered  1  through  3 .

The acts committed by the accused, as listed and hereafter, were against the peace and dignity of the Commonwealth of Pennsylvania and were contrary to the Act(s) of the Assembly, or in violation of the statutes cited. (Before a warrant of arrest can be issued, an affidavit of probable cause must be completed, sworn to before the issuing authority, and attached.)

_____ 6/3/2015
(Date)

_____
(Signature of Affiant)

AND NOW, on this date  6/5/19 

An affidavit of probable cause must be completed before a warrant can be issued. I certify that the complaint has been properly completed and verified.

 11-1-02 
(Magisterial District Court Number)

_____
(Issuing Authority)

[SEAL]

AOPC 412A – Rev. 07/10    WBPD-AR-1547-19    [barcode]    Page  3  of  3 

EXHIBIT "A"

# POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: 06/03/2019 | OTN/LiveScan Number | Complaint/Incident Number 190105355 |
|---|---|---|---|
| Defendant Name: | First: LAWRENCE | Middle: JOSE | Last: KANSKY JR. |

## AFFIDAVIT of PROBABLE CAUSE

On Tuesday, May 21, 2019 at 0537 hours a complaint was called into Luzerne County 911 (LC911) from Larry Kansky, phone 570-817-6561, who stated that across the street from 72 W North Street there was a large raccoon on the side of the road, the legs are moving but injured. Larry Kansky stated it can be saved.

Eleven (11) minutes later, at 0546 hours, Larry Kansky called LC911 back, yelling at the LC911 Call Taker that the raccoon is suffering and that he (Call Taker) was not helping him and then hung up. LC911 Dispatcher advised the Shift Supervisor and the Pennsylvania Game Commission.

At 1245 hours Larry Kansky called LC911 a third time stating that the raccoon was struggling for its life, that he called earlier and wanted to talk to a supervisor.

At 1301 hours a male called from phone 570-817-6561 about the raccoon at 72 W North Street.

On Tuesday, May 21, 2019 at 1349 hours and 1350 hours two complaints were called into LC911 regarding a man with a gun who shot something on the sidewalk in the area of 72 W North Street and a man with a gun shooting at a raccoon. Additional information given by LC911 was the man with the gun was an older male wearing a button down shirt with a tie, darker slacks and was very thin. The second complainant also informed LC911 that she was told by the male with the gun that he called hours ago for the raccoon but no one showed up.

At 1351 hours officer Steven Lada and I responded from police headquarters to the area of W North Street & Darling Street. As we arrived on scene Detective Joseph Mangan was already on scene. Officers observed a raccoon on the sidewalk on W North Street & Darling Street, adjacent to 3 Darling Street. We did not observe the male with the gun the immediate area. Arriving on scene to assist were Officers Kirk Merchel, James Conmy, Jason Oliver and Northeast Region State Game Warden Philip White.

Officer Lada and I then went to the door of 3 Darling Street at which time we made contact with a male who identified himself as Lawrence Kansky. Mr. Kansky was tall and thin, dressed in a white button down shirt with a tie, dark slacks and dress shoes. I asked Mr. Kansky what was going on at which time, while reading from a piece of paper, he began to tell us that he called 911 at 5:37 AM, 5:45 AM, 1245 AM and 1:01 PM about the raccoon, which was on the roadway and still alive, but no one responded. Mr. Kansky then said that he called WNEP at 1:11 PM.

I then asked Mr. Kansky about the gun. Mr. Kansky then told us that he stopped by this afternoon and looked out his window and that the raccoon was still moving. Mr. Kansky then got his gun and went outside, where he said he made sure no one was around so it was safe, and aimed his gun at the raccoon but at the last second he moved it (the gun) so he wouldn't shoot it. Mr. Kansky said he shot twice near the raccoon, so people would call 911, hoping to get a police response. Mr. Kansky then went into his house, retrieved his handgun and then came back out onto the back porch with it, saying here's the gun. I asked him for it and he handed it to me. The handgun, a Charter Arms (black & silver) .38 caliber revolver, Serial Number 14-16877, had two (2)

I, PO RICHARD HARDING #562 _____, BEING DULY SWORN ACCORDING TO THE LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_Richard H, 562_
(Signature of Affiant)

Sworn to me and subscribed before me this _____ day of _____

_____ Date        _____, Magisterial District Judge

My commission expires first Monday of January, _____

[SEAL]

AOPC 411C – Rev. 07/10     WBPD-AR-1547-19     Page 1 of 2

EXHIBIT "A"

| Docket Number: | Date Filed: 06/03/2019 | OTN/LiveScan Number |  POLICE CRIMINAL COMPLAINT AFFIDAVIT CONTINUATION PAGE |
|---|---|---|---|
| Defendant Name: | First: LAWRENCE | Middle: JOSE | Complaint/Incident Number 190105355  Last: KANSKY JR. |

## AFFIDAVIT of PROBABLE CAUSE CONTINUATION

empty shells and three (3) loaded rounds inside the cylinder and smelled of fresh spent gunpowder. Mr. Kansky stated that he has a Carry Permit (Concealed weapons Permit) for his gun.

Mr. Kansky then showed officers where and how he shot at/towards the raccoon, taking us to the corner of Darling & West North Street. Mr. Kansky stood on the sidewalk and pointed at the sidewalk, with his hands, east towards North Main Street, saying again that he shot at it twice. PA State Game Warden Philip White examined the raccoon and it was shot once.

I talked to complainant Erin Heffron, who stated that she was driving on W North Street towards the Pierce Street Bridge when she observed a car (Porsche SUV) stopped in the middle of the road and the driver, a woman, was outside of the car with a man on the sidewalk and was yelling at him. She then looked at the man and he had a gun in his hand and they were yelling at each other. She looked down and he shot something on the sidewalk. She then called LC911 after which she parked her vehicle in the King's College parking and noticed everyone was gone. Ms. Heffron then saw that it was a raccoon laying on the sidewalk.

I talked to complainant Sandra Walker who was stated that she was driving on Darling Street with traffic backed up. She looked to the corner and saw a man with a gun pointing it at a raccoon laying on the sidewalk. She then heard a pop (gunshot) and got out of the car and shouted at him "what are you doing?" The man told her "for seven (7) hours and it's suffering." Ms. walker then said "you can't be doing this, it's a residential area." Ms. walker said she was begging him to leave the raccoon alone. She stated that there were construction workers just up the road on West North Street.

When Ms. Walker then told the male that she was calling the police and he replied "I don't give a shit what you do." Ms. Walker stated that the male was about three (3) feet away from the raccoon and holding the gun with two (2) arms extended when he fired the gun.

Erin Heffron and Sandra walker were the two (2) complainants who called LC911 to report the man with the gun shooting the raccoon at 1349 hours and 1350 hours respectfully. The man identified shooting the gun was Lawrence Jose Kansky Jr., who admitted to shooting (at) the raccoon.

_____
(Signature of Affiant)

AOPC 411C – Rev. 07/10     WBPD-AR-1547-19     Page 2 of 2

EXHIBIT "A"