**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LAWRENCE J. KANSKY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **No. 3:20-CV-0043** |
| **v.** | : | |
| | : | |
| **CITY OF WILKES-BARRE,** | : | **(JUDGE MANNION)** |
| **RICHARD HARDING, Individually and** | : | |
| **JOSEPH COFFAY, Individually,** | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANTS CITY OF WILKES-BARRE, RICHARD HARDING,
AND JOSEPH COFFAY'S REPLY BRIEF IN FURTHER SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Respectfully submitted,

John G. Dean
Mark W. Bufalino
ELLIOTT GREENLEAF & DEAN
15 Public Square, Suite 310
Wilkes-Barre, PA 18701
(570) 371-5290

Attorneys for Defendants City
of Wilkes-Barre, Richard
Harding and Joseph Coffay

DATED:  April 13, 2020

## **Table Of Contents**

Table Of Authorities………..…….....…..............................……………………iii

I.     Argument……………………………………………………...........3

    A.    Mr. Kansky Fails To State A Fourth Amendment Malicious
       Prosecution Claim……………………………………………….3

       1.     The Amended Complaint Fails To Allege The Personal
           Involvement Of Chief Coffay …………………………….3

       2.     Probable Cause Existed For The Criminal Charges…………..4

           a.     Reckless Endangerment……………………….......4

           b.     Disorderly Conduct........................................6

           c.     Unlawful Act Concerning A Furbearer..........................8

       3.     Mr. Kansky Fails To Allege Malice…………………………..9

    B.    Mr. Kansky Fails To State A First Amendment
       Retaliation Claim.................................................................10

       1.     Count I Of The Amended Complaint Fails Because Mr.
           Kansky's 911 Calls Were Not The "But-For" Cause
           Of The Criminal Charges………………………………..11

       2.     Count V Of Mr. Kansky's Amended Complaint Fails For
           Lack Of Adverse Action………………………………...12

    C.    Mr. Kanksy Fails To State A Stigma-Plus Claim…………………..14

       1.     Mr. Kansky's Amended Complaint Does Not Identify A
           Recognized "Plus" Interest……………………………...15

       2.     Chief Coffay's Statement Was Not False……...……………..17

D.   Mr. Kansky Does Not State A Plausible <u>Monell</u> Claim Against The City………………………………………………….......18

E.   Mr. Kansky Was Not Deprived Of A Clearly Established Right…...19

F.   The § 1983 Claims Should Be Dismissed With Prejudice And Supplemental Jurisdiction Over The State Law Claims Should Be Declined …………………………………………………………20

II.   Conclusion....................................................................................................21

# TABLE OF AUTHORITIES

## Cases

Allah v. Seiverling,
    229 F.3d 220 (3d Cir. 2000)...........................................................................12

American Dental Ass'n v. Cigna Corp.,
    605 F.3d 1283 (11th Cir. 2010)………………………………………………12

Anderson v. Davila,
    125 F.3d 148 (3d Cir. 1997)………………………………………………..13

Arditi v. Subers,
    No. 15-5511, 2016 WL 3345432 (E.D. Pa. June 16, 2016)…………………3

Ashcroft v. Iqbal,
    556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)...........................19

Blair v. City of Pittsburgh,
    711 Fed. Appx. 98 (3d Cir. 2017)………………………………………8-9

Brown v. City of New York,
    No. 98-3844, 2004 WL 2884306 (S.D.N.Y. Dec. 10, 2004)………………10

Carbone v. City of New Castle,
    No. 15-1175, 2016 WL 406291 (W.D. Pa. Feb. 3, 2016)………………15-17

Carroll v. Lackawanna Cty.,
    No. 12-2308, 2015 WL 5512703 (M.D. Pa. Sept. 16, 2015)………………18

Commonwealth v. Butler,
    729 A.2d 1134 (Pa. Super. 1999)………………………………………..15

Commonwealth v. Coon,
    695 A.2d 794 (Pa. Super. 1997)………………………………….....7

Commonwealth v. Fedorek,
    596 Pa. 475, 946 A.2d 93 (2008)…………………………………………7

Commonwealth v. Robinson,
    No. 1735 EDA 2017, 2018 WL 1528436
    (Pa. Super. Mar. 29, 2018)…………………………………..………5-6

Commonwealth v. Smith,
    301 Pa. Super. 142, 447 A.2d 282 (1982)…………………………………...5

Commonwealth v. Vogelsong,
    90 A.3d 717 (Pa. Super. 2014)………………………………………4-5

Fleisher v. Standard Ins. Co.,
    679 F.3d 116 (3d Cir. 2012)……………………………………………2

Garza v. Citigroup Inc.,
    724 Fed. Appx. 95 (3d Cir. 2018)……………………………………21

George v. Rehiel,
    738 F.3d 562 (3d Cir. 2013)…………………………………………..12

Gobel v. Maricopa Cty.,
    867 F.2d 1201 (9th Cir. 1989)………………………………………16-17

Hall v. Greystar Mgmt. Servs., L.P.,
    637 Fed. Appx. 93 (4th Cir. 2016)…………………………………………12

Hammond v. City of Wilkes-Barre,
    No. 13-2322, 2014 WL 2592833 (M.D. Pa. June 10, 2014)….…………18

Harmon v. City of Pocatello,
    - - - F. Supp. 3d - - -, 2020 WL 104677 (D. Idaho Jan. 7, 2020)……………9

Harper v. Cty. of Delaware,
    779 Fed. Appx. 143 (3d Cir. 2019)………………………………...18

Hudson v. Carberry,
    No. 15-1282, 2018 WL 6591812 (M.D. Pa. Dec. 12, 2018)……………….11

Laphan v. Haines,
    695 Fed. Appx. 662 (3d Cir. 2017)……………………………………….5

iv

Long v. Hammer,
   727 Fed. Appx. 215 (7th Cir. 2018)……………………………………..14

Maloy v. Ballori-Lage,
   744 F.3d 250 (1st Cir. 2014)……………………………………………….12

Mann v. Brenner,
   375 Fed. Appx. 232 (3d Cir. 2010)………………………………………...13

Mann v. Palmerton Area Sch. Dist.,
   872 F.3d 165 (3d Cir. 2017)……………………………………………19-20

Marrero v. City of Hialeah,
   625 F.2d 499 (5th Cir. 1980)…………………………………………...16-17

Mirabella v. Villard,
   853 F.3d 641 (3d Cir. 2017)……………………………………………..11-13

Monell v. Department of Soc. Servs. of the City of N.Y.,
   436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)………………........18

Naucke v. City of Park Hills,
   284 F.3d 923 (8th Cir. 2002)……………………………………………….14

Olson v. Ako,
   724 Fed. Appx. 160 (3d Cir. 2018)………………………………………...20

Paul v. Davis,
   424 U.S. 693, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976)………………..14, 16

Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.,
   836 F.2d 173 (3d Cir. 1988)…………………………………………………6

Pitman v. Ottehberg,
   No. 10-2538, 2013 WL 6909905 (D.N.J. Dec. 31, 2013)…………………...3

Rehberg v. Paulk,
   611 F.3d 828 (11th Cir. 2010)……………………………………………...17

Simonson v. Borough of Taylor,
   No. 18-2445, 2020 WL 1505572 (M.D. Pa. Mar. 30, 2020)……………….16

Smith v. Craven,
     61 Fed. Appx. 159 (6th Cir. 2003)……………………………………………14

Villarosa v. North Coventry Twp.,
     711 Fed. Appx. 92 (3d Cir. 2017)……………………………………....…5

Williams v. Hebbon,
     No. 09-2103, 2011 WL 1930564 (D.N.J. May 19, 2011)…………………...8

Williams v. Pennridge Sch. Dist.,
     782 Fed. Appx. 120 (3d Cir. 2019)……………………………….........12

Zimmerman v. Corbett,
     873 F.3d 414 (3d Cir. 2017)…………………………………………………7

## **Rules**

Fed. R. Civ. P. 12(b)(6)…………………………………………………..1-2

## **Statutes**

18 Pa. C.S.A. § 2705……………………………………………………..4-5

18 Pa. C.S.A. § 5503………………………………………………….....7

34 Pa. C.S.A. § 2361(a)(1)……………………………………………….8

42 U.S.C. § 1983……………………………………………15, 17, 20-21

Defendants the City of Wilkes-Barre (the "City"), Richard Harding ("Officer Harding") and Joseph Coffay ("Chief Coffay")(collectively, where appropriate, "Defendants"), by and through their undersigned counsel, hereby submit this reply brief in further support of their motion to dismiss (see Doc. 18 ("Defendants' motion"))[1] the amended complaint of Lawrence J. Kansky ("Mr. Kanksy").

Mr. Kansky commenced this action by filing his complaint against Defendants on or about January 9, 2020.  (See Doc. 1).  After Defendants moved to dismiss the complaint, (see Doc. 10), Mr. Kansky filed his amended complaint as a matter of course.  (See Doc. 14).  Mr. Kansky's amended complaint, however, does not correct any of the flaws that were present in its first version.  (See Defendants' opening brief).[2]  To the contrary, Mr. Kansky's arguments in opposition to the motion to dismiss reinforce that Mr. Kansky is unable to state a claim that can survive a Rule 12(b)(6) motion.  (See Doc. 24 ("Mr. Kansky's opposition brief")).  Mr. Kanksy's opposition brief disregards controlling law, misstates and/or fails to address head-on Defendants' arguments for dismissal, and routinely relies on

---

[1]     Defendants subsequently submitted a brief in support of their motion, (see Doc. 22 ("Defendants' opening brief")), as well as an appendix of exhibits, (see Doc. 23 ("Defendants' appendix")).

[2]     Mr. Kansky centers his claims around an encounter he allegedly had with an injured raccoon in the City on May 21, 2019 that resulted in Mr. Kansky shooting at the raccoon twice.  (See Doc. 14, ¶¶ 10-11).  Criminal charges were filed against Mr. Kansky (the "criminal charges"), but the criminal charges were ultimately dismissed by a magisterial district judge.  (See id. at ¶¶ 12, 15).

1

conclusory allegations as support for the claimed sufficiency of his pleading.  (<u>See</u> <u>id.</u>, <u>generally</u>).

This case, then, is one in which a 12(b)(6) dismissal is warranted.  <u>See</u> <u>Fleisher v. Standard Ins. Co.</u>, 679 F.3d 116, 120 (3d Cir. 2012)("To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'").  Assuming all of Mr. Kansky's factual, non-conclusory averments can be proven -- Mr. Kansky encountered an injured raccoon, Mr. Kansky shot at the raccoon twice on a City street in the afternoon after 911 ignored his calls for hours, Officer Harding decided to file the criminal charges against Mr. Kansky that day or thirteen (13) days later, that Chief Coffay made a statement to the press, the criminal charges were dismissed, and three (3) months later Mr. Kansky was yelled and screamed at by Officer Harding -- Mr. Kansky would still not be entitled to relief.  (<u>See</u> Defendants' opening brief, generally; Doc. 14, generally).  Defendants' 12(b)(6) motion should therefore be granted.  <u>See</u> <u>Fleisher</u>, 679 F.3d at 120.

# I.   ARGUMENT.

## A.   Mr. Kansky Fails To State A Fourth Amendment Malicious Prosecution Claim.

### 1.   The Amended Complaint Fails To Allege The Personal Involvement Of Chief Coffay.

In opposition to Defendants' motion, Mr. Kansky insists that he adequately averred Chief Coffay's personal involvement in the malicious prosecution claim because on July 3, 2019 -- one month after the criminal charges were filed -- Chief Coffay publically stated that Officer Harding had probable cause to charge Mr. Kansky.  (See Plaintiff's opposition brief, 2-3; Doc. 14, ¶ 29).  But, to plead Chief Coffay's personal involvement in this claim, Mr. Kansky "must show an 'affirmative link' between the misconduct and the supervisor's authorization or approval of the misconduct."  Arditi v. Subers, No. 15-5511, 2016 WL 3345432, at *3 (E.D. Pa. June 16, 2016).  Mr. Kansky has not pled any link between the filing of the criminal charges and Chief Coffay's statement one month later, so Mr. Kansky has not stated a malicious prosecution claim against Chief Coffay.  See id.; see also Pitman v. Ottehberg, No. 10-2538, 2013 WL 6909905, at *8 (D.N.J. Dec. 31, 2013).

## 2.     Probable Cause Existed For The Criminal Charges.

Next, Mr. Kansky disputes that Officer Harding had probable cause to file the criminal charges of reckless endangerment, disorderly conduct, and unlawful acts concerning a furbearer.  (See Mr. Kansky's opposition brief, 4-11).

### a.     Reckless Endangerment.

First, Mr. Kansky says that Officer Harding lacked probable cause to charge him with reckless endangerment, 18 Pa. C.S.A. § 2705, because "[t]o state a cause of action for the criminal offense of reckless endangerment an officer must have evidence of death or serious bodily harm."  (Mr. Kansky's opposition brief, 4). The statute at issue, however, reads that: "[a] person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury."  18 Pa. C.S.A. § 2705 (emphasis added).  Mr. Kansky's repeated references in his opposition to the fact that no one was injured when he discharged his firearm is therefore of no moment. (See Mr. Kansky's opposition brief, 4-5 (affidavit did not "show[ ] or prove[ ] anyone was the victim of serious bodily injury")).  For a prima facie violation of § 2705 "the Commonwealth need only establish that the defendant's conduct placed

or may have placed another in danger of serious bodily injury or death."
Commonwealth v. Vogelsong, 90 A.3d 717, 721 (Pa. Super. 2014).[3]

Turning to the amended complaint and the affidavit of probable cause attached thereto, it is apparent, inter alia, that: (1) Mr. Kansky discharged his firearm twice along a City street in the middle of the afternoon; (2) 911 received calls from two individuals indicating that Mr. Kansky had fired a gun in the City; and (3) the raccoon was shot once.  (See Doc. 14, Ex. "A").  Discharging a firearm during the day along a public street clearly "may" place another in danger.  See 18 Pa. C.S.A. § 2705.  Thus, on these facts, a reasonable official could conclude that there was a "fair probability" that Mr. Kansky committed the crime of reckless endangerment by discharging his weapon twice on a City street in broad daylight. See Villarosa v. North Coventry Twp., 711 Fed. Appx. 92, 96 (3d Cir. 2017)("probable cause is present so long as there is a fair probability that the person committed the crime at issue."); see also Commonwealth v. Robinson, No. 1735 EDA 2017, 2018 WL 1528436, at *3 (Pa. Super. Mar. 29, 2018)(affirming recklessly endangering conviction where the defendant fired a gun directly into the

---

[3]    Mr. Kanksy relies on Commonwealth v. Smith, 301 Pa. Super. 142, 447 A.2d 282, 284 (1982) as support for his view that Officer Harding lacked probable cause here.  (See Mr. Kansky's opposition brief, 6).  But, that the facts there did not support a conviction is a different question from the existence of probable cause.  See, e.g., Laphan v. Haines, 695 Fed. Appx. 662, 665 (3d Cir. 2017). Moreover, an individual observed Mr. Kansky pointing a gun at a raccoon and heard shots.  (See Doc. 14, Ex. "A").

air outside a bar even though he "did not point or shoot the firearm in the direction of any single person").

Mr. Kansky's argument that the affidavit of probable cause contains false information because Officer Harding references two complainants makes no sense. (See Mr. Kansky's opposition brief, 5-6 ("Defendant Harding swore that there were two complainants which was false.")).[4]  Of note, there is no dispute that two individuals called 911 as a result of Mr. Kansky's discharge of his firearm.  (See Doc. 25, Ex. "A").  These two individuals are thus complainants with respect to Mr. Kansky's actions on May 21, 2019.  (See id.).  In short, Mr. Kansky has not alleged (or identified) any facts for which it can be inferred that Officer Harding disregarded or omitted any exculpatory evidence in the affidavit of probable cause. (See Doc. 14, Ex. "A").

### b.    Disorderly Conduct.

Mr. Kansky also disputes that probable cause existed to charge him with disorderly conduct.  (See Mr. Kansky's opposition brief, 7-8).  This, says Mr. Kansky, is because the affidavit of probable cause "states nothing related to Plaintiff's intent to cause substantial harm to the public."  (Id. at 8).

---

[4]    Mr. Kansky impermissibly attempts to rely in his opposition on documents not attached to the amended complaint, including a two (2) page excerpt from the transcript from his preliminary hearing that was not attached to the amended complaint.  (See Mr. Kansky's opposition brief, Exs. "C"-"D"); Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988).

Mr. Kansky's is wrong that Pennsylvania's disorderly conduct statute, 18 Pa. C.S.A. § 5503, requires "serious <u>public</u> inconvenience or substantial harm to the <u>public</u>." (Mr. Kansky's opposition brief, 7-8)(emphasis added). More troubling, the case Mr. Kansky relies on for this proposition, <u>Commonwealth v. Coon</u>, 695 A.2d 794, 798 (Pa. Super. 1997), was abrogated by the Pennsylvania Supreme Court over a decade ago. <u>See Commonwealth v. Fedorek</u>, 596 Pa. 475, 946 A.2d 93, 101 (2008). <u>Fedorek</u> held that:

> Section 5503(b) <u>does</u> <u>not</u> require that the Commonwealth prove that an offender acted with intent to cause substantial <u>public</u> harm or serious <u>public</u> inconvenience, <u>but</u> <u>only</u> <u>that</u> <u>the</u> <u>offender</u> <u>acted</u> <u>with</u> <u>intent</u> <u>to</u> <u>cause</u> <u>substantial</u> <u>harm</u> <u>or</u> <u>serious</u> <u>inconvenience</u>, in order to sustain a conviction for disorderly conduct as a misdemeanor of the third degree.

<u>Id</u>. at 101-02 (emphasis added). Here, Mr. Kansky -- as he stated to police on May 21, 2019 -- acted in such a fashion by intending to cause public alarm by discharging his firearm on a City street so 911 would be called. (<u>See</u> Doc. 14, Ex. "A" ("Mr. Kansky said he shot twice near the raccoon, <u>so</u> <u>people</u> <u>would</u> <u>call</u> <u>911</u>, <u>hoping</u> <u>to</u> <u>get</u> <u>a</u> <u>police</u> <u>response</u>.")(emphasis added))). A prudent officer on these facts would have concluded that Mr. Kansky committed a violation of Pennsylvania's disorderly conduct statute. <u>See</u>, <u>e.g.</u>, <u>Zimmerman v. Corbett</u>, 873 F.3d 414, 418 (3d Cir. 2017).

7

### c.    <u>Unlawful Act Concerning A Furbearer.</u>

Lastly, Mr. Kanksy disputes that there was probable cause to charge him with an unlawful act concerning a furbearer.  (<u>See</u> Mr. Kansky's opposition brief, 9).  Mr. Kanksy, however, does not contest that a raccoon is a furbearer, nor does he disagree with Defendants that hunting season for raccoons was closed on May 21, 2019.  (<u>See</u> <u>id</u>.).  Instead, Mr. Kansky argues -- without citation to any authority -- that probable cause did not exist with respect to this charge because Officer Harding dropped the charge in advance of the preliminary hearing.  (<u>See</u> <u>id</u>. (<u>citing</u> Doc. 14, ¶ 30)).

Mr. Kansky's argument fails.  For one, because Mr. Kansky admittedly shot twice at a raccoon out of open season and the raccoon was in fact "shot once", (Doc. 14, Ex. "A"), an officer could reasonably conclude that Mr. Kansky violated 34 Pa. C.S.A. § 2361(a)(1).

Next, the fact that the Commonwealth ultimately withdrew the unlawful act concerning a furbearer charge does not mean that there was an absence of probable cause.  <u>See</u> <u>Williams v. Hebbon</u>, No. 09-2103, 2011 WL 1930564, at *7 (D.N.J. May 19, 2011)("The fact that one of several charges was dropped is not, without more information, sufficient to state a claim that even that single charge was the result of a malicious prosecution.").  And, "[w]hen there are multiple charges, as

8

here, if the charges are totally intertwined, probable cause for one offense defeats a malicious prosecution claim for all offenses." <u>Blair v. City of Pittsburgh</u>, 711 Fed. Appx. 98, 103 (3d Cir. 2017). There was probable cause to charge Mr. Kansky with reckless endangerment and disorderly conduct, so Mr. Kansky's malicious prosecution claim also fails as to the furbearer charge. <u>See</u> <u>id</u>.

### 3.   Mr. Kansky Fails To Allege Malice.

Mr. Kanksy contends that Officer Harding acted maliciously based on: (1) the purported lack of probable cause for any of the charged offenses; (2) Officer Harding "overcharge[d]" Mr. Kansky "by ranking up the charges" and then voluntarily dismissing the furbearer charge; and (3) Officer Harding yelled and screamed at Mr. Kansky three (3) months after the charges against Mr. Kansky were dismissed. (<u>See</u> Plaintiff's opposition brief, 9-11).

First, Officer Harding had probable cause to file the criminal charges against Mr. Kansky. <u>See</u> <u>supra</u> Part. I.A.2.

Second, Mr. Kansky cites no authority for the proposition that voluntary dismissal of charges is proof of malice. (<u>See</u> Plaintiff's opposition brief, 10); <u>cf</u>. <u>Harmon v. City of Pocatello</u>, - - - F. Supp. 3d - - -, 2020 WL 104677, at *13 (D. Idaho Jan. 7, 2020)("The fact that those charges were later dismissed does not signify any type of malicious prosecution, but only that the prosecutor decided to drop the charges."). Moreover, Mr. Kansky's argument that malice can established

when the police "overcharge plaintiff with more serious criminal conduct than he was suspected of committing," <u>Brown v. City of New York</u>, No. 98-3844, 2004 WL 2884306, at *8 (S.D.N.Y. Dec. 10, 2004), makes little since here. Specifically, Mr. Kansky contends that Officer Harding "overcharged" him by including the furbearer violation, yet that charge was only a summary offense, while the other criminal charges were misdemeanors.  (<u>See</u> Doc. 14, Ex. "A").

Third, that Officer Harding allegedly displayed animosity towards Mr. Kansky over six (6) months after the criminal charges were filed and three (3) months after the charges were dismissed, (<u>see</u> Doc. 14, ¶¶ 10-12, 17-20), is not reflective of malice with respect to the prosecution of Mr. Kansky because, quite simply, the prosecution was no longer ongoing and had long since been completed. (<u>See</u> <u>id</u>.).

## B.    Mr. Kansky Fails To State A First Amendment Retaliation Claim.

In Defendants' opening brief, Defendants noted that Mr. Kansky's First Amendment claim in Count I failed for lack of causation and the claim in Count V failed because the retaliatory action at issue, <u>i.e.</u>, verbal harassment, does not rise to the level of constitutional significance. (<u>See</u> Defendants' opening brief, 13-17).

1.      **Count I Of The Amended Complaint Fails Because Mr. Kansky's 911 Calls Were Not The "But-For" Cause Of The Criminal Charges.**

According to Mr. Kansky, the First Amendment claim in Count I is plausible because he "stated same day retaliation" based on Officer Harding taking pictures of the scene on May 21, 2019, or "at worst, the completion of the affidavit of probable cause occurred just 13 days after the events at issue." (Mr. Kansky's opposition brief, 12-13). Mr. Kansky thus concludes that he has pled causation based on temporal proximity between the purported protected conduct, i.e., calling 911, and the retaliatory action, i.e., the criminal charges. (See id.).

But what Mr. Kansky fails to address -- a fact which he tends to disregard when inconvenient in his opposition submission -- is that in between calling 911 and being criminally charged (or having pictures of the scene taken), Mr. Kansky discharged his firearm twice in broad daylight. (See id. at 13 ("Plaintiff has established the causal component of his right to contact 911 for assistance, protest the non-response and being charged with four (4) crimes.")).[5] Given this, he cannot establish the requisite "'but-for' causation" irrespective of any temporal

---

[5]     Unsurprisingly, Mr. Kansky does not point to any right that allows him to discharge his firearm on a City street to "protest" a non-response by police officers. (See Mr. Kansky's opposition brief, 13). Moreover, insofar as Mr. Kansky is attempting to raise some sort of Second Amendment argument here, Defendants pointed out the flaws in such a theory, (see Defendants' opening brief, 15-16), and Mr. Kansky has waived any opposition to this issue by failing to address it in his brief. See, e.g., Hudson v. Carberry, No. 15-1282, 2018 WL 6591812, at *13 (M.D. Pa. Dec. 12, 2018).

proximity between the 911 calls and the criminal charges.  See, e.g., Mirabella v. Villard, 853 F.3d 641, 651 (3d Cir. 2017).  In other words, the criminal charges were filed because Mr. Kansky discharged a firearm on a City street, which is "another explanation that is so obviously correct as to render the charge of improper motivation implausible."  Id. at 652 (quoting Maloy v. Ballori-Lage, 744 F.3d 250, 253 (1st Cir. 2014)); see also George v. Rehiel, 738 F.3d 562, 586 (3d Cir. 2013); American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010)("courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s]', which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer."); accord Hall v. Greystar Mgmt. Servs., L.P., 637 Fed. Appx. 93, 98 (4th Cir. 2016).

### 2. Count V Of Mr. Kansky's Amended Complaint Fails For Lack Of Adverse Action.

In response to the motion to dismiss Count V, Mr. Kansky states that "[t]he adverse action component does not apply to a non-employee First Amendment retaliation claim."  (Mr. Kansky's opposition brief, 14).  Mr. Kansky is mistaken. See, e.g., Williams v. Pennridge Sch. Dist., 782 Fed. Appx. 120, 125 (3d Cir. 2019)("Adverse action, in [the school student] context, must be sufficient to deter a person of ordinary firmness from exercising his constitutional rights."); Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)(same in the prison context); accord Mirabella, 853 F.3d at 649 (township residents' retaliation claim requires proof of,

inter alia, "retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights").

Mr. Kansky goes on to say that retaliation for the exercise of constitutionally protected rights is itself a violation of the Constitution. (See Mr. Kansky's opposition brief, 14-16). Even so, Mr. Kansky must still plead that Officer Kansky's alleged retaliatory actions on December 31, 2019 were "sufficient to deter a person of ordinary firmness from exercising his constitutional rights." Mirabella, 853 F.3d at 649.[6] For example, in Mann v. Brenner, 375 Fed. Appx. 232, 236 (3d Cir. 2010), the plaintiff Mann claimed a First Amendment violation "based on the assertion that, after he defended himself in court against $2,000 in fines for code violations, defendant Buffington cited Mann with another $2,000 in fines in retaliation for Mann's initial successful defense." The Third Circuit observed that to prevail on his First Amendment claim, the plaintiff must show, inter alia, that "the defendant took adverse action sufficient to deter a person of ordinary firmness from exercising his rights[.]" Id.

---

[6]   Mr. Kansky's reliance on Anderson v. Davila, 125 F.3d 148, 162 (3d Cir. 1997) does not demonstrate that Mr. Kansky suffered retaliatory action here. There, the court found that the plaintiff was likely to prevail on the merits of his claim based on unwarranted government surveillance commenced in response to the plaintiff's exercise of his First Amendment rights. Unlike the surveillance at issue in Anderson, Mr. Kansky's complaint here involves allegations of a single incident of yelling and screaming which would not be sufficient to deter a person of ordinary firmness from exercising his or her constitutional rights. (See Defendants' opening brief, 16-17).

On the facts <u>sub judice</u>, Mr. Kansky has not identified any such conduct by Officer Harding.   (<u>See</u> Defendants' opening brief, 16-17); <u>see also</u> <u>Long v. Hammer</u>, 727 Fed. Appx. 215, 217 (7th Cir. 2018)(yelling "was not unlawfully retaliatory because simple verbal harassment is insufficient to deter a person of ordinary firmness from submitting grievances"); <u>Smith v. Craven</u>, 61 Fed. Appx. 159, 162 (6th Cir. 2003); <u>Naucke v. City of Park Hills</u>, 284 F.3d 923, 928 (8th Cir. 2002)("[O]ffensive, unprofessional, and inappropriate" actions and comments by city council members did not constitute adverse action for purposes of First Amendment retaliation claim).   Count V of the amended complaint fails as a matter of law.

### C.   <u>Mr. Kansky Fails To State A Stigma-Plus Claim.</u>

Count III of Mr. Kansky's amended complaint purports to state a stigma-plus claim.   (<u>See</u> Doc. 14, Count III).   Defendants' opening brief explains, <u>inter alia</u>, that Mr. Kansky does not identify any false statements made by Officer Harding, that his claim is foreclosed by the Supreme Court's decision in <u>Paul v. Davis</u>, 424 U.S. 693, 694-97, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976), and that the purportedly stigmatizing statement by Chief Coffay was not false.   (<u>See</u> Defendants' opening brief, 17-22).

### 1.   Mr. Kansky's Amended Complaint Does Not Identify A Recognized "Plus" Interest.

Mr. Kansky contends in opposition to the motion to dismiss that the United States District Court for the Western District of Pennsylvania's decision in Carbone v. City of New Castle, No. 15-1175, 2016 WL 406291, at *5 (W.D. Pa. Feb. 3, 2016) supports his claim because "defamatory statements made in connection with an unlawful arrest are actionable under § 1983, since the unlawful arrest provides the necessary plus factor." (Mr. Kansky's opposition brief, 16). This argument fails for no less than four (4) reasons.

First, Mr. Kansky does not plead that he was ever arrested, and he does not advance a false arrest claim here. (See Doc. 14, generally); accord Commonwealth v. Butler, 729 A.2d 1134, 1137 (Pa. Super. 1999)("An arrest is defined as [a]ny act that indicates an intention to take the person into custody and subjects him to the actual control and will of the person making the arrest."). To the contrary, Mr. Kansky was issued a summons and scheduled to appear for a preliminary hearing. (See Defendants' appendix, Ex. "1" (cited in ¶ 13 of the amended complaint)). In a sleight-of-hand, Mr. Kansky further acknowledges he was not arrested: "[t]he plus factor was an unlawful charging." (Mr. Kansky's opposition brief, 17).[7] Thus, even if Carbone stood for the proposition Mr. Kansky says it does -- which it

---

[7]   To be sure, Mr. Kansky does not cite any authority to support a finding that an "unlawful charging" is a sufficient "plus" interest for a due process claim. (See Mr. Kansky's brief, generally).

does not for reasons detailed below -- that case still does not demonstrate that Mr. Kansky was deprived of a recognized "plus" interest here.

Second, the Supreme Court's decision in <u>Davis</u>, as explained in Defendants' opening brief, is squarely on-point. (<u>See</u> Defendants' opening brief, 18-19 (<u>citing Davis</u>, 424 U.S. at 698)).

Third, the identical <u>Carbone</u> argument raised here was recently addressed by this Court in another case involving Mr. Kansky's counsel. <u>See</u> <u>Simonson v. Borough of Taylor</u>, No. 18-2445, 2020 WL 1505572, at *13 (M.D. Pa. Mar. 30, 2020)(Mannion, J.)("this was not the court's conclusion in the case. Rather, the court was simply quoting the argument made by the plaintiff in the case.").

Fourth, the case law discussed in <u>Carbone</u> for the proposition that an unlawful arrest can satisfy the necessary "plus" requirement is distinguishable. <u>See</u> <u>Carbone</u>, 2016 WL 406291, at **5-6 (<u>citing</u> <u>Gobel v. Maricopa Cty.</u>, 867 F.2d 1201, 1205 (9th Cir. 1989); <u>Marrero v. City of Hialeah</u>, 625 F.2d 499, 516-19 (5th Cir. 1980)). <u>Marrero</u>, as characterized by the Fifth Circuit, involved allegations by a plaintiff of defamation that were "intimately connected with the unlawful arrest of appellants and the unlawful search and seizure of practically the entire inventory of their store." <u>Marrero</u>, 625 F. 2d at 517. In <u>Gobel</u>, the plaintiffs were arrested for passing bad checks, were filmed while they were arrested and/or searched, and the prosecutors made false criminal accusations at these media events. <u>See</u> <u>Gobel</u>,

867 F.2d at 1202.  Citing <u>Marrero</u>, the <u>Gobel</u> court found that the plaintiffs "stated a proper section 1983 claim, however, because they alleged that the false statements were made in connection with their illegal arrest."  <u>Id</u>. at 1205.

Any reliance by Mr. Kansky on <u>Marrero</u> and/or <u>Gobel</u> is misplaced.  (<u>See</u> Mr. Kansky's opposition brief, 16-17).  For one, Mr. Kansky was not arrested. (<u>See</u> Doc. 14, <u>generally</u>).  Moreover, as recognized by <u>Carbone</u>, other authority holds the opposite of <u>Marrero</u> and <u>Gobel</u>.  <u>See</u> <u>Carbone</u>, 2016 WL 406291, at *5 n.3 (<u>citing</u>, <u>inter</u> <u>alia</u>, <u>Rehberg v. Paulk</u>, 611 F.3d 828, 853 (11th Cir. 2010)(explaining that the plaintiff could not "use the prosecution itself (the indictment and arrest) as the basis for constitutional injury supporting a § 1983 defamation claim"), <u>aff'd</u>, 132 S. Ct. 1497 (2012)).  Just as in <u>Rehberg</u>, Mr. Kansky cannot rely on the prosecution itself to make his stigma-plus claim.  <u>See</u> <u>Rehberg</u>, 611 F.3d at 853.

### 2.    **Chief Coffay's Statement Was Not False.**

Mr. Kansky next contends that Chief Coffay's purportedly stigmatizing comment was false because "there were no victims and [Mr. Kansky] did not disregard safety in public" and because Chief Coffay "falsely stated there was probable cause to file charges[.]"  (Mr. Kansky's opposition brief, 18).    But, Mr. Kansky discharged his firearm twice along a public street, (<u>see</u> Doc. 14, ¶ 11), in view of passing motorists and two individuals therefore called 911.  (<u>See</u> <u>id</u>. at Ex.

17

"A").  There was probable cause to charge Mr. Kansky, and nothing Chief Coffay said was false, so the stigma-plus claim should be dismissed. See Carroll v. Lackawanna Cty., No. 12-2308, 2015 WL 5512703, at *10 (M.D. Pa. Sept. 16, 2015)("subjective impression of how these news accounts would be interpreted by the public, in the absence of actual false and stigmatizing statements, fails to satisfy the stigma prong of the stigma-plus").

### D.    Mr. Kansky Does Not State A Plausible Monell Claim Against The City.

Mr. Kansky's sole contention in opposition to Defendants' motion to dismiss the Monell claim is that the City is liable here for failure to train and supervise City employees.  (See Mr. Kansky's opposition brief, 22-25).  Tellingly, Mr. Kansky identifies only one (1) paragraph in his sixty-three (63) paragraph complaint related to a City training deficiency.  (See id. at 25 (citing Doc. 14, ¶ 6 (the City "failed to train its officials on how to properly assess probable cause, not to retaliate against a citizen who engaged in free speech, and not intimidate a citizen after successfully defending a criminal action.")))  This single allegation is nothing more than "a bare conclusory statement" that is insufficient to withstand a 12(b)(6) motion.  Hammond v. City of Wilkes-Barre, No. 13-2322, 2014 WL 2592833, at *5 (M.D. Pa. June 10, 2014); see also Harper v. Cty. of Delaware, 779 Fed. Appx. 143, 149 (3d Cir. 2019).

18

Mr. Kansky's opposition brief also points to other cases in which the City has been named as a party "related to constitutional violation[s] presumably related to the lack of training for police officers[.]"  (Mr. Kansky's opposition brief, 23-24).  Mr. Kansky did not plead such facts in the amended complaint.  (See Doc. 14, generally).  Mr. Kansky also only "presume[es]" without definitively stating that training deficiencies are at issue in those cases, and he further does not indicate if the alleged training failures implicate the same constitutional rights and training deficiencies purportedly at issue here.  (See Mr. Kansky's opposition brief, 23-24).  Lastly, Mr. Kansky's statement that he "will obtain" "[t]hrough discovery" "all the ways" the City "failed to train and supervise" its officers, (Mr. Kansky's opposition brief, 24), runs directly afoul of Iqbal and the Federal Rules of Civil Procedure which "do[ ] not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

### E.     Mr. Kanksy Was Not Deprived Of A Clearly Established Right.

Mr. Kanksy's qualified immunity response fails to appreciate that the clearly established prong of the qualified immunity analysis requires defining "the right allegedly violated at the appropriate level of specificity," and it must be framed "in a more particularized, and hence more relevant, sense, in light of the case's specific context, not as a broad general proposition."  Mann v. Palmerton

Area Sch. Dist., 872 F.3d 165, 172-73 (3d Cir. 2017)(citations and quotations omitted).  Mr. Kanksy's opposition is littered with generalities and does not define the rights at issue with particularity or in light of the facts of this case.  (See Mr. Kansky's opposition brief, 25-27).   Conversely, Defendants laid out in their opening brief the context of this case and defined the rights at issue at the appropriate level of specificity.  (See Defendants' opening brief, 26-27).   Mr. Kansky has not -- because he cannot -- refute the absence of any similar on-point precedent.  (See Mr. Kanksy's opposition brief, 26-27).  Nor can Mr. Kansky point to anything beyond broad propositions as support for his claim that the rights at issue were clearly established.  (See id.).  This is not sufficient.  See, e.g., Olson v. Ako, 724 Fed. Appx. 160, 165 (3d Cir. 2018).

**F.    The § 1983 Claims Should Be Dismissed With Prejudice And Supplemental Jurisdiction Over The State Law Claims Should Be Declined.**

Defendants recognize the law on leave to amend in this Circuit, but reiterate that leave is not required when amendment would be futile.  (See Defendants' opening brief, 28-29).  This is the case here.  (See id.).  Mr. Kansky, despite already amending his complaint once, failed to correct any of the deficiencies in his pleading. (See Doc. 14, generally).  There is no reason to afford him a second opportunity.  See, e.g., infra Part I.A-E.  And while Mr. Kansky makes a one (1) sentence request for leave to amend if his pleading is found deficient, (see Mr.

Kansky's opposition brief, 35), Third Circuit "precedent is clear that district courts act within the bounds of their discretion when they reject undeveloped requests for leave to amend that, like [Mr. Kansky's], are unaccompanied by a proposed amended pleading." <u>Garza v. Citigroup Inc.</u>, 724 Fed. Appx. 95, 101 (3d Cir. 2018)(citations omitted).  And, because Mr. Kansky fails to state a § 1983 claim, supplemental jurisdiction over the remaining claims should be declined.  (<u>See</u> Defendants' opening brief, 29-30).  To the extent that supplemental jurisdiction is not declined, the state law claims should be dismissed for the reasons set forth by Defendants before.  (<u>See</u> Defendants' opening brief, 30-33).

## II.    <u>Conclusion.</u>

Based upon the foregoing, in addition to all the reasons identified in Defendants' opening brief, Defendants' motion to dismiss should be granted and Mr. Kansky's amended complaint should be dismissed.

Respectfully submitted,

 s/John G. Dean
John G. Dean
Mark W. Bufalino
ELLIOTT GREENLEAF & DEAN
15 Public Square, Suite 310
Wilkes-Barre, PA 18701
(570) 371-5290

Attorneys for Defendants

DATED: April 13, 2020

21

## <u>CERTIFICATE OF SERVICE</u>

I, John G. Dean, hereby certify that I have caused to be served this day a true and correct copy Defendants City of Wilkes-Barre, Richard Harding and Joseph Coffay's reply brief in further support of their motion to dismiss Plaintiff's amended complaint <u>via</u> electronic filing and <u>via</u> electronic mail addressed as follows:

> Cynthia L. Pollick
> 363 Laurel Street
> Pittston, PA 18640
> pollick@lawyer.com

> s/John G. Dean
> John G. Dean

DATED: April 13, 2020

## **WORD COUNT CERTIFICATION**

In accordance with Local Rule 7.8, the undersigned counsel for Defendants the City of Wilkes-Barre, Richard Harding and Joseph Coffay, hereby certifies that the foregoing reply brief in further support of Defendants' motion to dismiss contains less than 5000 words.  I have relied upon the word count feature of the word processing system which indicated that 4,920 words are contained in the foregoing brief.


s/John G. Dean
John G. Dean

Attorneys for Defendants City of Wilkes-Barre, Richard Harding, and Joseph Coffay


DATED:     April 13, 2020