**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAWRENCE J. KANSKY | : | |
|     PLAINTIFF | : | 20-CV-0043 |
| | : | |
| V. | : | CIVIL ACTION |
| | : | |
| RICHARD HARDING | : | JURY TRIAL DEMANDED |
|     DEFENDANT | : | |

**THIRD AMENDED COMPLAINT**

AND NOW, comes Plaintiff, Lawrence J. Kansky, by and through his counsel, Comerford Law, who files this Third Amended Complaint, with the concurrence of opposing counsel pursuant to Fed. R. Civ. P. 15(a)(2), averring as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's rights protected by the 4th and 14th Amendments to the United States Constitution.

2. Jurisdiction is vested in this Court under the provisions of 28 U.S.C.A. §§ 1331 and 1343. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a) to adjudicate State Law claims.

3. Venue is proper in the Middle District of Pennsylvania under 28 U.S.C. § 1391(b) because it is where all parties reside and/or do business and where the events complained of herein occurred.

**PARTIES**

4. Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein.

1

5. Plaintiff, Lawrence Kansky, is an adult, competent individual who, at all times relevant to this cause of action, resided in the Middle District of Pennsylvania.

6. Defendant, Richard Harding ("Defendant Harding") was, at all times relevant to this Complaint, a Wilkes-Barre City Police Officer employed by the City of Wilkes-Barre and was acting under color of state law in the scope of his employment as a police officer.

7. Defendant acted willfully, deliberately, maliciously, and/or with reckless disregard of Plaintiff's Constitutional and Statutory Rights.

8. Defendant engaged in the aforesaid conduct for purposes of violating Decedent's Constitutional rights by subjecting him to excessive force and unlawful seizure/arrest.

## FACTS

9. Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein.

10. On or about May 21, 2019, Plaintiff witnessed an injured racoon, suffering terribly and unable to move along side the road.

11. At approximately 5:37 a.m., Plaintiff placed a call to 911, seeking assistance for the wounded racoon.

12. No help came.

13. Plaintiff, from inside a building, could hear the suffering animal crying in pain.

14. Over the course of eight hours, while all the while the injured animal continued wailing in pain, unable to move, alongside the road, Plaintiff called 911 multiple additional times, pleading for assistance.

15. No help came.

16. Eventually, Plaintiff could not bear to witness the crying animal suffer any longer.

17. The animal could not wait for help any longer.

18. When it became clear that no help would ever come, doing his moral duty, Plaintiff took out his handgun, which he legally owned and was licensed to carry, went outside, and ended the unfortunate animal's suffering.

19. Before discharging his firearm, Plaintiff looked around to make sure there were no individuals nearby who could be harmed.

20. Only after determining that it was safe to do so did Plaintiff fire the gun.

21. Plaintiff discharged the firearm in a safe manner.

22. No person was nearby such that they were placed at risk by Plaintiff discharging the firearm to help the wounded animal.

23. As a result of the foregoing, Defendant Harding charged Plaintiff with the following offenses:

    a. Recklessly Endangering Another Person (Two Counts);

    b. Disorderly Conduct (A Misdemeanor of the Third Degree); and

    c. Unlawful Taking of Furbearers

24. No probable cause existed for the charge of Recklessly Endangering Another Person because no individual was actually placed at risk of death or serious bodily injury, nor was there even a risk of such a risk.

25. Defendant knew that no individual was placed at risk and no facts existed to prove this element and filed the charge anyway.

26. No probable cause existed for the charge of Disorderly Conduct because Plaintiff did not intend to create a public inconvenience, annoyance, or alarm, and no evidence existed to demonstrate such *mens rea*.

27. Defendant knew that this element was lacking and had no evidence to prove it, but filed charges anyway.

28. Additionally, the other elements of Disorderly Conduct were lacking as well; Defendant did not make *unreasonable* noise, engage in fighting or threats, use obscene language or gestures, or create a hazardous or physically offensive condition.

29. Defendant Harding voluntarily withdrew the Unlawful Taking of Furbearers charge prior to the preliminary hearing because no probable cause existed for that charge.

30. All remaining charges were dismissed by a Magistrate at a preliminary hearing for lack of probable cause.

31. Furthermore, Defendant Harding lied and/or made material omissions in his Affidavit of Probable Cause in order to justify Plaintiff's arrest.

32. Specifically, he failed to include the fact that Plaintiff discharged his firearm in a safe manner at a time when no nearby individuals were at risk.

33. This lie and/or omission was specifically formed and utilized to create probable cause where none existed.

34. Following the dismissal of all charges, Defendant Harding verbally accosted Plaintiff on multiple occasions, harassing and threatening him because he was angry that the charges were dismissed.

35. As a result of the foregoing arrest, Plaintiff's arrest was run in numerous news articles across Luzerne County numerous times.

36. Plaintiff is a licensed Attorney who was practicing in Luzerne County at the time, and these articles significantly negatively affected his reputation.

37. As a result of the filing of these charges, Plaintiff suffered injuries including, but not limited to, the following:

    a. Expenses to hire Counsel to defend the case;

    b. Reputational harm; and

    c. Emotional pain, suffering, and embarrassment.

38. During the process of being booked and arraigned, Plaintiff was handcuffed and placed in detention for a significant period of time, restricting his liberty.

**Count One**
**42 U.S.C. §1983; False Arrest**
**Plaintiff v. Defendant Harding**

39. Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein.

40. Defendant's conduct against Plaintiff, including arrest of Plaintiff without probable cause constituted an unreasonable seizure and arrest under the Fourth Amendment to the United States Constitution and a deprivation of Plaintiff's due process rights under the Fourteenth Amendment to the United States Constitution.

41. Defendant's conduct was therefore a deprivation, under color of state law, of rights guaranteed to Plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution.

42. Defendant acted with knowledge, intent, and malice.

43. Moreover, the conduct engaged in by Defendant exceeded normal standards of decent conduct and were willful, malicious and outrageous and therefore punitive damages are necessary and appropriate.

44. The actions of Defendant were not objectively reasonable under the present set of facts and circumstances previously articulated herein.

45. As a result of Defendant's violations of Plaintiff's Constitutional rights, Plaintiff suffered the damages detailed herein.

**Count Two**
**42 U.S.C. §1983; Malicious Prosecution**
**Plaintiff v. Defendant Harding**

46. Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein.

47. Defendant's conduct against Plaintiff, including arrest of Plaintiff without probable cause constituted an unreasonable seizure, arrest, and malicious prosecution under the Fourth Amendment to the United States Constitution and a deprivation of Plaintiff's due process rights under the Fourteenth Amendment to the United States Constitution.

48. Defendant's conduct was therefore a deprivation, under color of state law, of rights guaranteed to Plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution.

49. Defendant acted with knowledge, intent, and malice.

50. Moreover, the conduct engaged in by Defendant exceeded normal standards of decent conduct and were willful, malicious and outrageous and therefore punitive damages are necessary and appropriate.

51. The actions of Defendant were not objectively reasonable under the present set of facts and circumstances previously articulated herein.

52. As a result of Defendant's violations of Plaintiff's Constitutional rights, Plaintiff suffered damages detailed herein.

### Count Three
### Supplemental State Law Claim: Malicious Prosecution
### Plaintiff v. Defendant Harding

53. Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein.

54. Defendant arrested and charged Plaintiff without probable cause as described herein.

55. Defendant's actions as described were outrageous and beyond the bounds of human decency.

56. As a result of Defendant's actions, Plaintiff suffered damages.

WHEREFORE, Plaintiff requests damages as follows:

    a. An amount to be determined at trial, including compensatory damages and punitive damages plus interest;

    b. For Plaintiff's attorney's fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, and 29 U.S.C. § 794a(b);

    c. For costs and disbursements incurred in this action; and,

    d. Any such other relief as the Court may deem just and proper.

## Jury Demand

57. Plaintiff incorporates all averments – both preceding and following the instant averment – as if set forth at length herein

58. Plaintiff demands a jury trial on all issues.

Respectfully Submitted:

COMERFORD LAW

*/s/ Curt M. Parkins, Esquire*
Curt M. Parkins, Esq.
curt@comerford.law
Attorneys for Plaintiff
538 Biden Street, Suite 430
Scranton, PA 18503
570-880-0777
570-880-0476 (fax)